```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

| | |
|---|---|
| SHEILA BUTLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 24-cv-2120-MSN-tmp |
| | ) |
| FLEX, | ) |
| | ) |
|     Defendant. | ) |

### REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Sheila Butler's complaint.[1] (ECF No. 1.) Because Butler is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons below, the undersigned recommends that Butler's complaint be dismissed.

### I.   PROPOSED FINDINGS OF FACT

Butler filed her complaint on February 23, 2024. (ECF No. 1.) Using the form complaint provided by the Clerk's office to assist *pro se* litigants asserting employment discrimination claims, Butler alleges that defendant Flex violated the Age

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

[2] The undersigned granted Butler leave to proceed *in forma pauperis* on June 27, 2025. (ECF No. 7.)

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 *et seq.* (Id. at PageID. 1.) Butler alleges that, on September 16, 2022, Flex discriminated against her by failing to hire her and failing to accommodate her disability. (Id. at PageID 3.) According to Butler, she was born in 1966 and was more than forty years old at the time of the alleged discrimination. (Id. at PageID 4.) In the space provided to outline the facts of her case, Butler wrote "see attachment." (Id.) However, it appears that Butler only attached the right-to-sue letter she received from the Equal Employment Opportunity Commission, (id. at PageID 7), and she has not otherwise alleged any facts in support of her claims.

## II.  PROPOSED CONCLUSIONS OF LAW

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Bell Atl. Corp. v.

Twombly, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

Butler first alleges failure to hire under the ADEA. To establish a *prima facie* case of age discrimination, a plaintiff must show that: (1) they were a member of a protected class; (2) they were qualified for the job in question; (3) they were subjected to an adverse employment action; and (4) circumstances that support an inference of discrimination. Blizzard v. Marion

Tech. Coll., 698 F.3d 275, 283 (6th Cir. 2012) (quoting Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002)). Although plaintiffs are not required to allege every element of a *prima facie* case at the pleading stage, Dickson v. Green Dot Pub. Sch. Tenn., No. 2:22-cv-02070-SHM-cgc, 2022 WL 4285554, at *3 (W.D. Tenn. June 27, 2022) (citing Rhodes v. R & L Carriers, Inc., 491 Fed. Appx. 579, 584 (6th Cir. 2012)) (recommending dismissal of plaintiff's ADEA claim), report and recommendation adopted, 2022 WL 3931462 (W.D. Tenn. Aug. 31, 2022), Butler has not provided any facts, and thus fails to plausibly state an ADEA claim. Accordingly, the undersigned recommends that this claim be dismissed.

Butler next alleges failure to hire and to accommodate under the ADA. To prove a *prima facie* case of discrimination under the ADA, a plaintiff must show that: "(1) [they are] disabled; (2) [they are] otherwise qualified for the position; (3) [they] suffered an adverse employment decision; (4) the employer knew or had reason to know of [their] disability; and, (5) the position remained open while the employer sought other applicants or the disabled individual was replaced." Id. at *4 (citing Monette v. Elec. Data Sys. Corp., 90 F.3d 1173, 1186 (6th Cir. 1996), abrogated on other grounds by Lewis v. Humboldt Acquisition Corp., Inc., 681 F.3d 312 (6th Cir. 2012)) (recommending dismissal of plaintiff's ADA claim). As with ADEA

claims, a plaintiff is not required to establish a *prima facie* case at the pleading stage, id., but Butler has not alleged any facts in support and thus fails to plausibly state a claim. Accordingly, the undersigned recommends that this claim be dismissed.

As to Butler's failure to accommodate claim, these claims "necessarily involve direct evidence of the failure to accommodate," and it is incumbent upon the plaintiff "to request an accommodation based upon [their] existing medical restrictions." Id. (citing Kovac v. Superior Dairy, Inc., 998 F. Supp. 2d 609, 619 (N.D. Ohio 2014)) (citation modified) (recommending dismissal of plaintiff's failure to accommodate claim). Butler has not alleged any facts to suggest that she is disabled or that she requested an accommodation, and thus fails to plausibly state a claim. Accordingly, the undersigned recommends that this claim be dismissed.

### III. RECOMMENDATION

For the reasons above, the undersigned recommends that Butler's complaint be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

        s/Tu M. Pham
        TU M. PHAM
        Chief United States Magistrate Judge

        June 27, 2025

```
Date
```

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**